**BREEDING et al., Appellees,**

v.

**HERBERGER et al., Appellants.**

[Cite as *Breeding v. Herberger* (1992), 81 Ohio App.3d 419.]

Court of Appeals of Ohio,
Franklin County.

No. 91AP–938.

Decided June 18, 1992.

*Miller & Dye, Edward V. Miller* and *Curtis H. Knapp,* for appellees.
*Jon R. Burney & Assoc., Inc., L.P.C.,* and *John S. Wolanin,* for appellants.

WHITESIDE, Judge.

Defendants, Dr. R.J. Herberger, Dorcon Industries and Jon R. Burney, Trustee, appeal from a judgment of the Franklin County Court of Common Pleas, and raise a single assignment of error, as follows:

"Where defendant-appellant timely made appearance and filed leave to plead in trial court, it is prejudicial error for trial court to terminate action."

Plaintiffs, H. Ronald Breeding and Maria Breeding, brought this action on May 3, 1991, seeking a declaratory judgment as to validity of certain promissory notes. Defendants were served by certified mail on May 13, 1991. On June 10, 1991, defendants entered an appearance through counsel by filing a motion for leave to move or otherwise plead in response to the complaint. The trial court did not rule upon the motion, and defendants filed a second motion seeking leave to plead until August 6, 1991. On July 22, 1991, the trial court overruled the second motion for leave to plead, stating that the original motion had not been granted. On July 29, 1991, plaintiffs filed a motion for a default judgment supported by an affidavit which stated, *inter alia,* that "Defendants Jon R. Burney and Dr. R.J. Herberger have made an appearance in this action * * *." The motion for default judgment contains a certificate

of service indicating that it was served on counsel for defendants by regular mail on the date of filing.

On the same day, defendants filed a motion for leave to file answer and counterclaim instanter supported by an affidavit of counsel for defendants. Defendants also filed an answer and counterclaim, which is file-stamped at 1:58 p.m., the motion for leave to file the answer out of rule being filed at 1:59 p.m. and the motion of plaintiffs for a default judgment being filed at 3:10 p.m., all on July 29, 1991. At the same time they filed their motion, defendants also filed a certificate of service of discovery, including interrogatories and requests for production of documents. Two days later, the trial court granted the motion for default judgment and granted the relief requested in the complaint finding plaintiffs to have no liability on the promissory notes, which were the subject of the action.

Defendants raise two issues under their assignment of error. First, they contend the trial court improperly terminated the action even though a timely filed motion for leave to plead had not been addressed or ruled on by the court, and, second, they contend that the trial court erred in granting a default judgment without first giving the requisite notice to defendants, even though they had appeared in the action.

As to the two requests for extension of time, with only the second being expressly ruled upon by the trial court, a defendant cannot rely upon the granting of such a motion and should proceed as if said motion had been denied when it is not promptly granted by the trial court. Nevertheless, failure to file an answer waiting for the trial court to rule upon a motion for extension of time may constitute excusable neglect within the purview of Civ.R. 6(B).

Here, defendants not only have relied upon their previous request for extensions but filed a motion for leave to file their answer instanter together with their answer and counterclaim prior to the time that plaintiffs filed their motion for a default judgment. In other words, at the time of the filing of the motion for default judgment, defendants were no longer in default of answer. The issue then before the court was whether to grant the filing of the answer pursuant to Civ.R. 6(B) upon the ground of excusable neglect for failure to file it more timely, such issue being presented by motion and a somewhat lengthy affidavit of counsel. The trial court failed to rule upon said motion. Rather, without awaiting the appropriate time and without giving the required notice to defendants, the trial court sustained the motion for a default judgment, presumably unaware of the filing of the answer and counterclaim and motion for leave to file instanter by defendants prior to the motion for a default judgment being filed. Civ.R. 55(A) provides in pertinent part that:

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules, the party entitled to a judgment by default shall apply in writing or orally to the court therefor * * *. If the party against whom judgment by default is sought *has appeared in the action,* he (or, if appearing by representative, his representative) shall be served with written notice of the application for judgment *at least seven days prior to the hearing on such application.* * * * " (Emphasis added.)

█ The plain meaning of the notice provision of Civ.R. 55(A) is that no default judgment can be entered against a defendant who has appeared in the action, unless at least seven days' notice is given to such defendant prior to the hearing on the application for default judgment. *AMCA Internatl. Corp. v. Carlton* (1984), 10 Ohio St.3d 88, 10 OBR 417, 461 N.E.2d 1282; *Hardware & Supply Co. v. Edward Davidson, M.D., Inc.* (1985), 23 Ohio App.3d 145, 23 OBR 371, 492 N.E.2d 168; *Cottrell v. Ohio State Constr.* (1984), 16 Ohio App.3d 362, 16 OBR 417, 476 N.E.2d 729; *Gagliardi v. Flowers* (1984), 13 Ohio App.3d 238, 13 OBR 290, 468 N.E.2d 933; *Standard Oil Co. v. Noble* (1982), 4 Ohio App.3d 76, 4 OBR 127, 446 N.E.2d 816; and *Reese v. Proppe* (1981), 3 Ohio App.3d 103, 3 OBR 118, 443 N.E.2d 992.

Plaintiffs contend that the notice provision of Civ.R. 55(A) should not be applicable here because no "hearing" was required either "to determine the amount of damages or to establish the truth of any averment by evidence." It will be noted that the rule also refers to a necessity "to make an investigation of any of the matter." However, this sentence is preceded by the proviso that such a hearing is necessary "[i]f, in order to enable the court to enter judgment or to carry it into effect," such a damage or other evidentiary hearing is required. However, this hearing is not the initial hearing referred to by the seven-day notice requirement. Rather, Civ.R. 55(A) is consistent with and complimentary to Civ.R. 6(D), which provides that:

"A written motion, other than one which may be heard ex parte, and notice of the hearing thereof shall be served not later than seven days before the time fixed for the hearing, unless a different period is fixed by these rules or by order of the court. * * * "

█ In other words, the Civil Rules contemplate that every motion, unless permitted to be heard *ex parte,* shall be determined by the court only after a hearing. The clear meaning of Civ.R. 55(A) is that, where the party against whom a motion for default is directed has appeared in the action, the motion for default may not be heard *ex parte* but, instead, can be determined only after a hearing of which seven days' advance notice is given.

There are essentially three types of hearings. First, an evidentiary hearing at which evidence is adduced and a "trial" is conducted upon a preliminary issue. The second type of hearing is an oral hearing at which no evidence is adduced, but only arguments of counsel are presented, although evidence may have been presented by way of affidavit. See Civ.R. 6(D). The third type of hearing is a more recent creation and is referred to as a "nonoral hearing" and is determined by the court upon written argument and evidence (such as an affidavit filed pursuant to Civ.R. 6[D]), without appearance of either party at an oral hearing. This is the type of hearing contemplated upon motions by Loc.R. 21.01 of the Common Pleas Court of Franklin County, which expressly states that: "Oral hearings on motions are not permitted * * *." As to default judgments, the trial court has adopted Loc.R. 55.01 of the Court of Common Pleas of Franklin County, which is similar to Civ.R. 55(A) but provides that:

"* * * If the party against whom judgment by default is sought has appeared in the action, written notice of the hearing on the motion *along with the date and time fixed* by the Assignment Commissioner with the concurrence of the Trial Judge shall be served upon the party. * * *" (Emphasis added.)

Here, plaintiffs did not comply with this requirement of this local rule.

Under the circumstances, the trial court erred in granting the default judgment without (1) giving the requisite notice as required by both Civ.R. 55(A) and Loc.R. 55.01 of the Court of Common Pleas of Franklin County, (2) affording the requisite opportunity to defendants to be heard upon the question of the granting of the motion, and (3) hearing and ruling upon defendant's motion for leave to file their answer instanter, supported by affidavit under Civ.R. 6(B). Accordingly, the assignment of error is well taken.

For the foregoing reasons, the assignment of error is sustained, the judgment of the Franklin County Court of Common Pleas is reversed, and this cause is remanded to that court for further proceedings in accordance with law consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

BOWMAN and DESHLER, JJ., concur.