DECISION AND JUDGMENT ENTRY
This is an appeal from a default judgment entered by the Adams County Court in favor of Plaintiffs-Appellees David Burke and Jo Anne Burke. Defendant-Appellant David Osborne claims that appellees failed to file a written motion requesting default judgment. Appellant also contends that appellees failed to file an affidavit asserting that appellant is not in the armed forces, as required by Section 520, Title 50, U.S.Code. As a result, appellant argues that the default judgment entered by the trial court is invalid. We disagree and affirm the judgment of the trial court.
 I.
On December 8, 1999, appellees filed a complaint against appellant in the Adams County Court. Appellees had contracted with appellant to dig a well on appellees' property. Appellees' complaint alleged that appellant had misrepresented the capacity of the well. The complaint requested $5,000 in damages for the alleged misrepresentation.
On December 8, 1999, the Clerk of the Adams County Court sent a summons and a copy of appellees' complaint to appellant's residence by certified mail. The summons and complaint were delivered to appellant's residence on December 12, 1999. Appellant filed no pleading in response to this complaint.
On January 11, 2000, appellees filed a motion requesting that the trial court enter a default judgment in their favor against appellant. The trial court granted appellees' motion on January 14, 2000, and awarded appellees $5,000 in damages.
On February 14, 2000, appellant filed a notice of appeal from the trial court's judgment. Appellant presents two assignments of error for our review.
ASSIGNMENT OF ERROR NO. I:
 THE DEFAULT JUDGMENT GRANTED HEREIN TO PLAINTIFF-APPELLEE IS INVALID DUE TO THE FACT THAT PLAINTIFF-APPELLEE DID NOT COMPLY WITH THE REQUIREMENTS OF CIV R. 55 IN CONJUNCTION WITH CIV R. 7(B).
 ASSIGNMENT OF ERROR NO. II:
 THE DEFAULT JUDGMENT GRANTED HEREIN TO PLAINTIFF-APPELLEE IS INVALID DUE TO THE FACT THAT PLAINTIFF-APPELLEE DID NOT COMPLY WITH THE REQUIREMENTS OF THE SOLDIERS' AND SAILORS' CIVIL RELIEF ACT OF 1940 IN CONJUNCTION WITH THE MILITARY AFFIDAVIT REQUIREMENTS SET FORTH IN 50 U.S.C. § 520.
 II.
In his First Assignment of Error, appellant argues that the default judgment entered against him is invalid because appellees failed to file a written motion. Appellant contends that Civ.R. 55,[1] in conjunction with Civ.R. 7(B),[2] requires a party seeking default judgment to file a written motion with the trial court. Appellant argues that the trial court's entry of default judgment is invalid in the absence of a written motion.
Appellant's argument is without merit for two reasons. First, Civ.R. 55 provides that "the party entitled to a judgment by default shall apply in writing or orally to the court therefor." (Emphasis added.) Civ.R. 55(A). Thus, Civ.R. 55 specifically permits a motion for default judgment to be made orally, and Civ.R. 7(B) is inapplicable to such motions.
Second, appellant is simply incorrect in asserting that appellees did not file a written motion for default judgment. The record reflects that appellees filed a motion for default judgment on January 11, 2000. Although appellees did not serve appellant with a copy of this motion, they were not required to do so. As appellees argue, appellant was not entitled to service of the motion for default because he did not enter an appearance in the action. See Civ.R. 55(A); see, also, Sexton v. SugarCreek Packing Co. (1974), 37 Ohio St.2d 58, 307 N.E.2d 541.
Appellant also argues that the trial court erred in entering a default judgment without first holding a hearing on appellees' motion, citingBreeding v. Herberger (1992), 81 Ohio App. 419, 611 N.E.2d 374. Civ.R. 55 provides, "If the party against whom judgment by default is sought has appeared in the action, he * * * shall be served with written notice of the application for judgment at least seven days prior to the hearing on such application." Civ.R. 55(A). In Breeding, the Tenth District Court of Appeals stated, "The clear meaning of Civ.R. 55(A) is that, where the party against whom a motion for default is directed has appeared in the action, the motion for default may not be heard ex parte but, instead, can be determined only after a hearing * * *." Breeding,81 Ohio App.3d at 422, 611 N.E.2d at 376.
Appellant's argument is without merit. Unlike the defendant inBreeding, appellant never appeared in the action below. Having failed to appear, appellant was not entitled to notice of appellees' motion for default judgment. See Civ.R. 55(A); see, also, Sexton, supra. Therefore, the trial court did not err in deciding appellees' motion ex parte.
For the reasons stated above, appellant's First Assignment of Error is OVERRULED.
 III.
In his Second Assignment of Error, appellant argues that the trial court's entry of default judgment is invalid because appellees failed to file a military service affidavit as required by Section 520, Title 50, U.S.Code. No military service affidavit appears in the record and, in fact, appellees concede that they did not file such an affidavit. Thus, appellant argues that the trial court's entry of default judgment against him is invalid.
The Soldiers' and Sailors' Civil Relief Act of 1940 protects members of the armed forces who are unable to defend against civil actions due to their military service from having default judgments entered against them. Before any court may enter a default judgment, the plaintiff must "file in the court an affidavit setting forth facts showing that the defendant is not in military service." Section 520(1), Title 50, U.S.Code. A default judgment entered in violation of Section 520 is voidable by a defendant who "was prejudiced by reason of his military service in making his defense * * * provided it is made to appear that the defendant has a meritorious or legal defense to the action or some part thereof." Section 520(4), Title 50, U.S.Code. The act is solely for the protection of members of the armed forces and a defendant who is not in military service does not have standing to challenge a default judgment on the grounds that the plaintiff failed to file a military service affidavit. See Arenstein v. Jenks (Tex.Civ.App. 1944),179 S.W.2d 831.
There is nothing in the record to suggest that appellant was in military service at the time that the trial court entered default judgment against him. Indeed, appellant does not even argue in his brief that he was in the military service at that time. Even if appellant was in the military, he has not submitted any evidence that his defense was prejudiced or that he has a meritorious defense to appellees' complaint. Therefore, we find that appellant has failed to satisfy the requirements for voiding a default judgment under Section 520, Title 50, U.S.Code.
Accordingly, appellant's Second Assignment of Error is OVERRULED. The judgment of the Adams County Court is AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Adams County Court to carry this judgment into execution.
A certified copy of the entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
David T. Evans, Judge.
Abele, P.J., and Harsha J. Concur in Judgment and Opinion on Assignment of Error II; Concur in Judgment Only on Assignment of Error I.
[1] Civ.R. 55 provides in relevant part:
(A) Entry of judgment.
 When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules, the party entitled to a judgment by default shall apply in writing or orally to the court therefor; but no judgment by default shall be entered against a minor or an incompetent person unless represented in the action by a guardian or other such representative who has appeared therein. If the party against whom judgment by default is sought has appeared in the action, he (or, if appearing by representative, his representative) shall be served with written notice of the application for judgment at least seven days prior to the hearing on such application. If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and shall when applicable accord a right of trial by jury to the parties.
Civ.R. 55(A).
[2] Civ.R. 7 provides in relevant part:
(B) Motions.
 (1) An application to the court for an order shall be by motion which, unless made during a hearing or a trial, shall be made in writing. A motion, whether written or oral, shall state with particularity the grounds therefor, and shall set forth the relief or order sought. The requirement of writing is fulfilled if the motion is stated in a written notice of the hearing of the motion.
Civ.R. 7(B)(1).