DECISION AND JOURNAL ENTRY
{¶ 1} Appellants, Vladimir and Lorna Chernomorets, acting pro se, appeal from the decision of the Akron Municipal Court which granted Appellee, First Merit Bank, N.A., default judgment in the amount of $9,729.10. We reverse and remand
 {¶ 2} On November 19, 2003, Appellee filed a complaint against Appellants seeking damages of $9,729.10, plus interest, for non-payment of a credit card account. Appellants filed a motion for leave to plead on December 31, 2003. The court granted leave to plead until January 20, 2004. Appellants, however, failed to file an answer. On January 21, 2004, the court scheduled a January 30 hearing in order for Appellee to show why the complaint should not be dismissed for failure to prosecute. Appellee then moved for default judgment on January 22, 2004. The court granted default judgment against Appellants the same day. Appellants timely appealed, raising two assignments of error for our review. For ease of review, we will discuss the assignments of error out of order.
 ASSIGNMENT OF ERROR II
"The trial court lacks proper venue."
 {¶ 3} In their second assignment of error, Appellants argue that the trial court lacked venue over this action. Appellants state that they did not sign the credit card contract in Akron or reside in Akron, and that, therefore, they may not be sued in Akron Municipal Court according to the Fair Debt Collection Practices Act. We disagree.
 {¶ 4} The Fair Debt Collection Practices Act ("the Act") regulates the practice of debt collectors. See Section 1692, Title 15, U.S. Code. A creditor is specifically exempted from the Act. See Section 1692a(6)(A), Title 15, U.S. Code. The Act defines a creditor as "any person who offers or extends credit creating a debt or to whom a debt is owed, but * * * does not include any person to the extent that he receives an assignment or transfer of a debt in default solely for the purpose of facilitating collection of such debt for another." Section 1692a(4), Title 15, U.S. Code. In this particular case, Appellee issued the original credit card, and was acting to collect a debt owed to itself, and not to another. Appellee was therefore acting as a creditor, not a debt collector, and the Act does not apply. See First Merit v. Beers, 9th Dist. No. 21010, 2002-Ohio-4247, at ¶ 10.
 {¶ 5} Accordingly, we overrule Appellants' first assignment of error.
 ASSIGNMENT OF ERROR I
"The trial court erred by granting Appellee's application for judgment without a hearing being duly scheduled pursuant to Civ.R. 55(A)."
 {¶ 6} In their first assignment of error, Appellants argue that the trial court erred by failing to schedule a hearing pursuant to Civ.R. 55(A). Appellee concedes this error, and urges this court to reverse and remand the cause for further proceedings.
 {¶ 7} Civ.R. 55(A) states that:
"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend * * *, the party entitled to a judgment by default shall apply in writing or orally to the court therefor[e][.] * * * If the party against whom judgment by default is sought has appeared in the action, he * * * shall be served with written notice of the application for judgment at least seven days prior to the hearing on such application."
If a party has appeared in an action, even if only to request a leave to plead, the trial court errs if it fails to give that party at least seven days notice as provided under Civ.R. 55(A).Bank of New York v. Smith, 9th Dist. No. 21534, 2003-Ohio-4633, at ¶ 11; Hardware Supply Co. v. Edward Davidson, M.D., Inc.
(May 8, 1985), 9th Dist. No. 11968, at 2.
 {¶ 8} In this case, Appellants appeared by requesting a leave to plead. The trial court failed to give Appellants at least seven days notice of a hearing as required under Civ.R. 55(A). Accordingly, Appellants' first assignment of error is sustained, and we must reverse and remand this cause.
 {¶ 9} We overrule Appellant's second assignment of error, sustain Appellant's first assignment of error, reverse the decision of the Akron Municipal Court, and remand for further proceedings consistent with this opinion.
Judgment reversed and Cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Akron Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellee.
Exceptions.
Batchelder, J., Boyle, J. Concur.