DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, William Obuch, appeals the judgment of the Summit County Court of Common Pleas, which granted default judgment in favor of Appellee, City of Akron, and issued a permanent injunction. This Court affirms.
 I. {¶ 2} On June 6, 2007, City of Akron filed a complaint for injunctive relief from nuisance and damages against Obuch. The city alleged that certain conditions on Obuch's property, including the presence of numerous junk automobiles, at-large dogs, vermin and litter, constituted a nuisance requiring abatement. The city prayed for, among other things, an order directing Obuch to remove and discontinue such conditions, an order enjoining Obuch and others from using the property for operations giving rise to such conditions, and damages. The city attached the affidavits of three City of Akron employees from the Department of Public Service *Page 2 
and the Department of Health. On the same day, the city filed an application for preliminary injunction. The trial court issued a notice of hearing scheduled for July 6, 2007.
 {¶ 3} On June 21, 2007, City of Akron filed a motion to appoint a process server, as service by certified mail was returned as unclaimed. Obuch was properly served with the summons, complaint, application for preliminary injunction, and notice of hearing on July 2, 2007. On July 5, 2007, Obuch filed a pro se request to continue the July 6, 2007 hearing so that he might have the opportunity to obtain legal counsel. The trial court continued the hearing, first, until September 19, 2007, and again until October 10, 2007.
 {¶ 4} On August 7, 2007, City of Akron filed a motion for default judgment because Obuch had failed to file an answer or other responsive pleading. Subsequently, Obuch neither filed an answer, other responsive pleading, nor a leave to plead. Obuch further failed to respond to the city's motion for default judgment.
 {¶ 5} On October 10, 2007, Obuch appeared at the scheduled hearing with counsel. Obuch informed the trial court that his prior attorney had told him that he did not have to file a response to the complaint because he had filed a motion to continue the hearing. The trial court did not believe that the attorney would have so counseled Obuch. Regardless, the trial court informed Obuch that his request to continue the hearing did not constitute a response. At that time, Obuch informed the court that he had no objection to cleaning up the property, although he needed more than two weeks to do it. The trial court informed him that the city would then clean up the property the next day. Obuch agreed to "sign the document."
 {¶ 6} The trial court granted City of Akron's motion for default judgment and issued a permanent injunction order on October 10, 2007. While counsel for the City of Akron signed the *Page 3 
order, indicating the city's approval, Obuch did not sign it. Obuch timely appeals, raising one assignment of error for review.
 II. ASSIGNMENT OF ERROR "THE COMMON PLEAS COURT ERRED WHEN IT DID NOT HOLD AN EVIDENTIARY HEARING BEFORE GRANTING PLAINTIFF'S MOTION FOR A PERMANENT INJUNCTION."
 {¶ 7} Obuch argues that the trial court improperly issued a permanent injunction, enjoining certain uses and conditions in regard to his property at 424 West Thornton Street, Akron, Ohio, without first conducting an evidentiary hearing. This Court disagrees.
 {¶ 8} Obuch cites Civ. R. 65 and sundry case law in support of his argument that an evidentiary hearing prior to the granting of any injunction is customary, necessary, or strongly suggested. Because of the procedural posture of the case before the trial court, however, Obuch's arguments in this regard are irrelevant. Because Obuch failed to answer the complaint or file any other responsive pleading, the trial court appropriately granted default judgment and thereafter issued the permanent injunction.
 {¶ 9} Civ. R. 55(A), regarding default judgments, provides, in relevant part:
 "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules, the party entitled to a judgment by default shall apply in writing or orally to the court therefor * * *[.] If the party against whom judgment by default is sought has appeared in the action, he (or, if appearing by representative, his representative) shall be served with written notice of the application for judgment at least seven days prior to the hearing on such application. If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and shall when applicable accord a right of trial by jury to the parties." *Page 4 
 {¶ 10} The Ohio Supreme Court has stated that "[i]f the defending party has failed to appear in the action, a default judgment may be entered without notice." Ohio Valley Radiology Assoc. Inc. v. OhioValley Hosp. Assn., Inc. (1986), 28 Ohio St.3d 118, 120. The high court continued:
 "Default, under both pre-Civil Rule decisions and under Civ. R. 55(A), is a clearly defined concept. A default judgment is a judgment entered against a defendant who has failed to timely plead in response to an affirmative pleading. McCabe v. Tom (1929), 35 Ohio App. 73. As stated by the court in Reese v. Proppe (1981), 3 Ohio App.3d 103, 105, `[a] default by a defendant * * * arises only when the defendant has failed to contest the allegations raised in the complaint and it is thus proper to render a default judgment against the defendant as liability has been admitted or `confessed' by the omission of statements refuting the plaintiffs claims. * * *' It is only when the party against whom a claim is sought fails to contest the opposing party's allegations by either pleading or `otherwise defending]' that a default arises. This rule applies to original claims as well as to counterclaims (Civ. R. 55[C]), and is logically consistent with the general rule of pleading contained in Civ. R. 8(D), which reads in part that `[a]verments in a pleading to which a responsive pleading is required * * * are admitted when not denied in the responsive pleading.'" (Alterations sic.) Id. at 121.
 {¶ 11} In this case, Obuch failed to answer or otherwise defend, thereby entitling City of Akron to default judgment. Because Obuch did enter an appearance in the case when he filed a request for a continuance, he was entitled to notice of the city's application for default judgment at least seven days in advance of hearing. He was served with the city's motion for default judgment in early August 2007, while the trial court did not schedule the matter for hearing until October 10, 2007.
 {¶ 12} Obuch appeared with counsel at the October 10, 2007 hearing. Just as he failed to file any answer or other responsive pleading to the complaint, he similarly failed to otherwise defend or deny the allegations in the complaint at the hearing. Instead, Obuch merely asserted that he had misunderstood his obligation to clean up his property. Obuch informed the trial court *Page 5 
that he had "no objection to cleaning up the property and getting into compliance with the City," effectively confessing judgment.
 {¶ 13} At the hearing, the trial court had before it the affidavits of the three city employees who inspected the property and found the numerous violations constituting a nuisance. In addition, the trial court accorded Obuch numerous opportunities at the hearing to speak. The trial court entertained numerous inquiries by Obuch and even granted a recess to allow Obuch to confer with his brother regarding the logistics of removing the junk cars from his property. In the end, Obuch agreed to "sign the document" and cooperate with the clean up of the property.
 {¶ 14} Even if a hearing was necessary in this case to allow the trial court to enter or carry into effect a default judgment, the record indicates that such a hearing occurred. Obuch received notice of the motion for default judgment, as well as notice of the hearing. Obuch appeared at the hearing with counsel. Even at the hearing, he failed to challenge the allegations in the complaint. Accordingly, the trial court did not err by granting default judgment in favor of City of Akron and issuing the requested permanent injunction. Obuch's assignment of error is overruled.
 III. {¶ 15} Obuch's sole assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
 The Court finds that there were reasonable grounds for this appeal. *Page 6 
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
Costs taxed to Appellant.
 WHITMORE, J. DICKINSON, J. CONCUR *Page 1