DECISION AND JOURNAL ENTRY
{¶ 1} Defendant/Appellant, Luke Patrino, appeals default judgment entered in favor of Plaintiff/Appellee, Deutsche Bank National Trust Company ("Bank") in the Summit County Court of Common Pleas. We reverse.
 {¶ 2} On November 29, 2007, the Bank filed a complaint against Patrino and "Jane Doe, name unknown, spouse of Luke Patrino" seeking to foreclose upon property located at 1247 N. Main Street, Akron, Ohio 44310 ("property"). After failure of initial service by certified mail, Patrino and Doe were served by regular mail on January 28, 2008, pursuant to Civ. R. 4.6(D), and by certified mail on January 30, 2008. On February 28, 2008, Patrino sought leave to plead for 21 days. On March 3, 2008, the Bank filed a motion for default judgment, and Patrino filed a motion to dismiss arguing that he was not the real party in interest. The Bank filed a brief *Page 2 
opposing Patrino's motion to dismiss on March 18, 2008. On March 28, 2008, the trial court denied Patrino's motion to dismiss and on March 31, 2008, granted the Bank's motion for default judgment and entered a decree of foreclosure. On April 14, 2008, an order of sale was issued to the Summit County Sheriff.
 {¶ 3} Patrino timely appealed and raises one assignment of error.
 Assignment of Error "THE TRIAL COURT ERRED IN GRANTING DEFAULT JUDGMENT THREE DAYS AFTER OVERRULING [PATRINO'S] MOTION TO DISMISS WHEN [PATRINO] STILL HAD TIME TO ANSWER AND WITHOUT THE NOTICE AND HEARING REQUIRED BY CIVIL RULE 55 SINCE [PATRINO] HAD APPEARED IN THE CASE."
 {¶ 4} In his sole assignment of error, Patrino argues that the trial court erred in granting the Bank's motion for default judgment because: (1) he timely sought a leave to plead; (2) timely responded to the complaint by filing a motion to dismiss; (3) was not given the required time to file his answer after the trial court denied his motion to dismiss; and (4) was not given notice and a hearing prior to entering default against him as required by Civ. R. 55. We agree with Patrino's last argument.
 {¶ 5} We initially note that the Bank has not filed an appellate brief. Therefore, "[p]ursuant to App. R. 18(C), this Court may accept [Patrino's] statement of the facts and issues as presented in [Patrino's] brief as correct and reverse the judgment of the trial court if [Patrino's] brief reasonably appears to sustain such action."Bank of New York v. Smith, 9th Dist. No. 21534, 2003-Ohio-4633, at ¶ 2.
 {¶ 6} "A trial court's decision to grant or deny a motion for default judgment is reviewed for an abuse of discretion." MBNA America Bank,N.A. v. Canfora, 9th Dist. No. 23588, 2007-Ohio-4137, at ¶ 10, citingMcEnteer v. Moss, 9th Dist. No. 22201, 22220, 2005- *Page 3 
Ohio-2679, at ¶ 6 and Nat'l City Bank v. Shuman, 9th Dist. No. 21484,2003-Ohio-6116, at ¶ 6. An abuse of discretion is more than an error of judgment, but instead connotes "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons v. Ohio State Med. Bd. (1993),66 Ohio St.3d 619, 621. Under this standard, an appellate court may not substitute its judgment for that of the trial court. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 7} The docket establishes that Patrino was first served with the complaint on January 28, 2008 pursuant to Civ. R. 4.6(D), which states, that "[s]ervice shall be deemed complete when the fact of mailing is entered of record, provided that the ordinary mail envelope is not returned by the postal authorities with an endorsement showing failure of delivery." Patrino was therefore required to answer or otherwise plead to the complaint by February 25, 2008, pursuant to Civ. R. 12 and the timing rules set forth in Civ. R. 6. The docket and record establishes that Patrino filed for leave to plead on February 28, 2008, 31 days after service of the complaint, and did not file his motion to dismiss until 35 days after service of the complaint. Although Summit County Court of Common Pleas Loc. R. 7.13 provides for an automatic 21 day leave to plead, such request must be "made before the expiration of the period originally prescribed[.]" Civ. R. 6(B). Thus, Patrino did not timely answer or otherwise respond to the complaint and the trial court was entitled to enter default judgment in favor of the Bank provided that all of the requirements of Civ. R. 55(A) were met.
 {¶ 8} The issue is whether Patrino was entitled to notice of the default and a hearing. Civ. R. 55(A) states:
 "If the party against whom judgment by default is sought has appeared in the action, he * * * shall be served with written notice of the application for judgment at least seven days prior to the hearing on such application. "If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or determine the amount of damages or to establish *Page 4 
the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings[.]"
 {¶ 9} In First Merit Bank v. Chernomorets, 9th Dist. No. 21988,2004-Ohio-3945, we held that, "[i]f a party has appeared in an action, even if only to request a leave to plead, the trial court errs if it fails to give that party at least seven days notice as provided under Civ. R. 55(A).)" Id. at ¶ 7. In Windy Hills Hardwoods, Inc. v.Caravona, 9th Dist. No. 21700, 2004-Ohio-1589, this court reversed the granting of default judgment even when the appellant's motion for leave to plead was filed after the appellee's motion for default judgment, finding the requirements of Civ. R. 55(A) had not been satisfied. In this case, Patrino filed his motion for leave prior to the Bank's motion for default. The record establishes, by way of the certificate of service on the Bank's motion for default judgment, that the Bank served the motion on Patrino on February 28, 2008, by regular U.S. Mail, which was more than seven days prior to the trial court entering default judgment on March 31, 2008. However, the trial court did not schedule a hearing, notify Patrino of the hearing date, and/or conduct a hearing as required by Civ. R. 55(A).
 {¶ 10} In Windy Hills, we stated: "[t]he clear meaning of Civ. R. 55(A) is that, where the party against whom a motion for default is directed has appeared in the action, the motion for default may not be heardex parte but, instead, can be determined only after a hearing of which seven days' advance notice is given." Id. at ¶ 8, quoting Breeding v.Herberger (1982), 81 Ohio App.3d 419, 422. See, also, City of Akron v.Obuch, 9th Dist. No. 23951, 2008-Ohio-3110, at ¶ 11 (holding that that even a defendant's motion for continuance was a sufficient appearance to trigger the notice and hearing requirements of Civ. R. 55(A).);Chernomorets at ¶ 7. We note that our conclusion here does not conflict with previous precedent from this court holding that it is "discretionary with the trial court to decide if a hearing is necessary" under Civ. R. 55(A). Buckeye Supply Co. v. Northeast Drilling Co. (1985),24 Ohio App.3d 134, 136, citing Dallas v. *Page 5 Ferneau (1874), 25 Ohio St. 635, and Streeton v. Roehm (1948),83 Ohio App. 148. The hearings addressed in these cases were hearings to determine damages after default judgment had been granted.
 {¶ 11} Based on the foregoing, we hold that the trial court abused its discretion in granting default judgment in favor of the Bank. Patrino's assignment of error is sustained and the judgment of the Summit County Court of Common Pleas is reversed.
Judgment reversed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
Costs taxed to Appellee.
 WHITMORE, J. MOORE, P. J. CONCUR. *Page 1