[Cite as *Picket v. Katz & Co. Salon*, 2011-Ohio-4396.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

JEFFREY W. PICKETT, et al.

    Appellees

    v.

KATZ & CO. SPALON

    Defendant

    and

KATHRYN M. TUSTIN

    Appellant

C.A. No.    25851

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CV 2009 06 4327

DECISION AND JOURNAL ENTRY

Dated: August 31, 2011

BELFANCE, Presiding Judge.

{¶1} Appellant, Kathryn Tustin, appeals an order of the Summit County Court of Common Pleas that entered default judgment against her. This Court reverses.

{¶2} Jeffrey Pickett and Pickett Partners, LLC, sued Ms. Tustin and Katz & Co. Spalon for unpaid rent and to evict them from their commercial property. The Akron Municipal Court transferred the case to the Summit County Court of Common Pleas because the amount in controversy exceeded the monetary jurisdiction of the municipal court. After Mr. Pickett filed an amended complaint, Ms. Tustin filed a certification of leave to plead as permitted by the Local Rules of the Summit County Court of Common Pleas. Almost four months later, Mr. Pickett moved for default judgment, which the trial court granted without a hearing.

## ASSIGNMENT OF ERROR

**"THE TRIAL COURT ERRED BY GRANTING A DEFAULT JUDGMENT TO APPELLEE WITHOUT A HEARING REQUIRED BY CIVIL RULE 55 SINCE THE APPELLANT HAD APPEARED IN THE CASE PRIOR TO THE DEFAULT JUDGMENT BEING GRANTED."**

**{¶3}** Ms. Tustin's assignment of error is that the trial court incorrectly granted a default judgment against her without scheduling a hearing on the motion and providing her with notice. This Court agrees.

**{¶4}** Before a default judgment may be granted under Civ.R. 55, a defendant who has appeared in the action must "be served with written notice of the application for judgment at least seven days prior to the hearing on such application." Civ.R. 55. This Court has concluded that seeking leave to plead is a sufficient appearance for purposes of the notice requirement of Civ.R. 55(A). *First Merit Bank, N.A. v. Chernomorets*, 9th Dist. No 21988, 2004-Ohio-3945, at ¶7. "The clear meaning of Civ.R. 55(A) is that, where the party against whom a motion for default is directed has appeared in the action, the motion for default may not be heard ex parte but, instead, can be determined only after a hearing of which seven days' advance notice is given." (Emphasis omitted.) *Breeding v. Herberger* (1992), 81 Ohio App.3d 419, 422. See, also, *Deutsche Bank Natl. Trust Co. v. Patrino*, 9th Dist. No. 24183, 2008-Ohio-5235, at ¶10.

**{¶5}** Ms. Tustin appeared in the action below by filing a certification of leave to plead. Civ.R. 55(A), therefore, required the trial court to conduct a hearing on the motion for default judgment and to provide her with at least seven days' notice. The trial court did not do so, and Ms. Tustin's assignment of error is sustained.

**{¶6}** Ms. Tustin's assignment of error is sustained, and the judgment of the trial court is reversed.

Judgment reversed.

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellees.

EVE V. BELFANCE
FOR THE COURT

WHITMORE, J.
DICKINSON, J.
CONCUR

APPEARANCES:

WILLIAM LOVE, Attorney at Law, for Appellant.

VICTOR A. MEZACAPA III, Attorney at Law, for Appellees.