{¶ 1} Defendant-appellant, S.G. ("appellant"), appeals the trial court's judgment finding him a juvenile traffic offender for failing to keep an assured clear distance ahead. For the reasons set forth below, we affirm.
 {¶ 2} As a result of a three vehicle accident that occurred on March 5, 2006, appellant was cited for failing to keep an assured clear distance ahead in violation of South Euclid Codified Ordinance Section333.03 ("S.E.C.O. 333.03"). Defendant pled not guilty to the charge and the case ultimately proceeded to a trial before a magistrate on May 18, 2006. The record of the trial of this matter is unavailable. Accordingly, we are limited to appellant's prepared App.R. 9(C) statement, which was accepted by the trial court.
 {¶ 3} The record prepared establishes the testimony of the following individuals: Ariwodo Smart ("Smart"), Susan Miller ("Miller") and Officer Amato.
 {¶ 4} Smart testified that his vehicle was struck once from behind by Miller's vehicle. Miller testified that she was stopped at a light on Green Road. While her foot was on the brake, she reached into the back seat for her boots. At that time, appellant struck her vehicle from behind. Miller testified that she could not recall whether the light was green or red at the time of impact because her attention was on retrieving her boots. Officer Amato testified that his assessment of the accident concurred with the testimony of Smart and Miller. At the trial, appellant also *Page 4 
admitted into evidence the police report of the accident, as well as photographs of appellant's and Smith's vehicle.
 {¶ 5} At the conclusion of the evidence, the magistrate found appellant guilty of violating S.E.C.O. 333.03, failure to keep an assured clear distance ahead. The magistrate further classified appellant as a juvenile traffic offender. The trial court adopted the magistrate's finding in its journal entry dated June 29, 2006.
 {¶ 6} Appellant now appeals and asserts four assignments of error for our review. Appellant's first assignment of error states:
 {¶ 7} "The judgment made by the trial court was against the manifest weight of the evidence."
 {¶ 8} In State v. Thompkins, 78 Ohio St.3d 380, 388, 1997-Ohio-52,678 N.E.2d 541, the court illuminated its test for manifest weight of the evidence as follows:
 {¶ 9} "Weight of the evidence concerns `the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other. It indicates clearly to the jury that the party having the burden of proof will be entitled to their verdict if, on weighing the evidence in their minds, they shall find the greater amount of credible evidence sustains the issue which is to be established before them. Weight is not a question of mathematics, but depends on its effect in inducing belief.' Black's [Law Dictionary (6 Ed. 1990)], at 1594." *Page 5 
 {¶ 10} When a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the weight of the evidence, the appellate court sits as a "`thirteenth juror'" and disagrees with the factfinder's resolution of the conflicting testimony. Id., citingTibbs v. Florida (1982), 457 U.S. 31, 45, 102 S.Ct. 2211,72 L.Ed.2d 652. The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether, in resolving conflicts in the evidence, the court clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. SeeState v. Martin (1983), 20 Ohio App.3d 172, 175, 485 N.E.2d 717.
 {¶ 11} The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction. Id. "This court will not substitute its judgment for that of the trier of facts on the issue of witness credibility unless it is patently apparent that the trier of fact lost its way in arriving at its verdict." State v. Hall, Montgomery App. No. 19671, 2004-Ohio-663.
 {¶ 12} Within this assignment of error, appellant argues that the magistrate's determination that appellant violated S.E.C.O. 333.03 was against the manifest weight of the evidence because Officer Amato should not have been permitted to testify as to the cause of the accident and without said testimony, there is only conflicting testimony regarding the cause of the accident. For the following reasons, we disagree. *Page 6 
 {¶ 13} First, for the reasons proffered in our review of appellant's third assignment of error infra, we cannot find the trial court erred in considering Officer Amato's testimony. Nevertheless, even absent Amato's testimony, appellant's conviction was not against the manifest weight of the evidence. Miller testified that appellant hit her from behind after she had come to a complete stop. The only evidence to the contrary are the statements of appellant and his family members that are contained in the police report. The magistrate is in a better position to weigh the credibility of Mrs. Miller's testimony during trial and the statements made by appellant and his family provided in the police report. The magistrate did not lose her way merely because she chose to believe the state's evidence and rejected appellant's argument that Miller backed up her vehicle twice and struck appellant's vehicle. Accordingly, we find appellant's first assignment of error without merit.
 {¶ 14} Appellant's second assignment of error states:
 {¶ 15} "The trial court erred in failing to properly verify whether or not a citation written to another driver at the scene of the accident and considered this in evidence in the court's decision."
 {¶ 16} Appellant's 9(C) statement is silent as to questions asked of Officer Amato and his responses thereto regarding citations issued to any other drivers involved in the automobile accident that is the subject of this case. It is the appellant's responsibility to provide a transcript or, in the alternative, a detailed 9(C) *Page 7 
statement, for appellate review. Accordingly, as the record before us is silent, we must presume regularity in the proceedings and affirm the trial court's judgment in this regard. Knapp v. Edwards Labs. (1980), 61 Ohio St.2d 197, 199, 400 N.E.2d 384. Appellant's second assignment of error is overruled.
 {¶ 17} Appellant's second assignment of error is without merit.
 {¶ 18} Appellant's third assignment of error states:
 {¶ 19} "The trial court erred in considering testimony from a police officer on the cause of an accident where he performed no scientific tests, had no photographs for exhibits and did not properly investigate and in permitting a police officer to testify at trial on a matter that he did not personally witness."
 {¶ 20} Here, appellant maintains that the magistrate erred when she considered Officer Amato's testimony on the cause of the accident even though he was not present at the time of the accident and was not an expert in accident reconstruction. The 9(C) statement provides that Officer Amato testified to the following:
 {¶ 21} "The prosecutor asked Officer Amato about the accident. He said his assessment of what had happened during the accident concurred with what Mr. Smart and Mrs. Miller told him had happened. I asked Officer Amato to explain how did their testimonies concur with his assessment."
 {¶ 22} Initially, we note that there is no indication that appellant objected to the introduction of such evidence. Accordingly, he has waived all but plain error. State v. *Page 8 Slagle (1992), 65 Ohio St.3d 597, 604-605, 605 N.E.2d 916. "Plain error does not exist unless it can be said that, but for the error, the outcome of the trial would clearly have been otherwise." State v.Moreland (1990), 50 Ohio St.3d 58, 62, 552 N.E.2d 894.
 {¶ 23} In the instant matter, it is unclear in appellant's 9(C) statement whether Officer Amato testified as to the cause of the accident and not merely to his investigation of his accident, which is completely permissible. Furthermore, even if he had testified as to the cause of the accident, there is no indication in the 9(C) statement that Officer Amato is or is not qualified to testify in this regard. Without evidence establishing that he is not qualified as an expert in accident reconstruction, we cannot presume based upon the record before us that the trial court erred in admitting the evidence. Where the record is silent, we must presume regularity in the proceedings and affirm the trial court's judgment in this regard. Knapp, supra. Accordingly, appellant's third assignment of error is without merit.
 {¶ 24} Appellant's fourth assignment of error states:
 {¶ 25} "The trial court erred in it's determination that Appellant was a juvenile traffic offender."
 {¶ 26} R.C. 2152.02(N) defines a juvenile traffic offender as the following:
 {¶ 27} "(N) `Juvenile traffic offender' means any child who violates any traffic law, traffic ordinance, or traffic regulation of this state, the United States, or any political subdivision of this state, other than a resolution, ordinance, or regulation of a *Page 9 
political subdivision of this state the violation of which is required to be handled by a parking violations bureau or a joint parking violations bureau pursuant to Chapter 4521. of the Revised Code."
 {¶ 28} In the instant matter, the trial court found appellant guilty of violating S.E.C.O. 333.03, failure to keep an assured clear distance ahead. Accordingly, as appellant was convicted of violating a traffic ordinance, the trial court did not err in classifying appellant as a juvenile traffic offender. Appellant's fourth assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANN DYKE, JUDGE
 KENNETH A. ROCCO, P.J. AND MARY J. BOYLE, J., CONCUR *Page 1