[Cite as *CitiMtge., Inc. v. Fangman*, 2013-Ohio-3316.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY

| | | |
|---|---|---|
| CITIMORTGAGE, INC., SUCCESSOR BY MERGER TO ABN AMRO MORTGAGE GROUP, INC., | : | CASE NO. CA2013-03-020 |
| | : | |
| Plaintiff-Appellee, | : | O P I N I O N<br>7/29/2013 |
| | : | |
| - vs - | : | |
| | : | |
| ROGER P. FANGMAN, et al., | : | |
| | : | |
| Defendants-Appellant. | : | |

CIVIL APPEAL FROM CLERMONT COUNTY COURT OF COMMON PLEAS
Case No. 2012 CVE 00169

Graydon Head & Ritchey LLP, Harry J. Finke, IV, 1900 Fifth Third Center, 511 Walnut Street, Cincinnati, Ohio 45202-3157, for plaintiff-appellee

Doucet & Associates, Inc., Troy J. Doucet, 4200 Regent Street, Suite 200, Columbus, Ohio 43219, for defendant-appellant, Roger P. Fangman

Eric W. Goering, 220 West Third Street, 3rd Floor, Cincinnati, Ohio 45202, for defendant, Ann F. Fangman

Tabitha M. Hochscheid, 250 East Fifth Street, Suite 1200, Cincinnati, Ohio 45202, for defendant, Ellenbee Leggett Company

Jackson T. Moyer, 471 East Broad Street, 12th Floor, Columbus, Ohio 43215, for defendant, Matrix Acquisition

Yale R. Levy, 4645 Executive Drive, Columbus, Ohio 43220, for defendant, Advantage Assets, II, Inc.

J.P. Mortgage Chase Bank, 1300 East 9th Street, Suite 1010, Cleveland, Ohio 44114, defendant

Sysco Food Service of Cincinnati, 10510 Evendale Drive, Cincinnati, Ohio 45241, defendant

Amex Centurion Bank, 100 Vasey Street, 44th Floor, New York, New York 10285, defendant

Citibank, 701 East 60th Street North, Sioux Falls, South Dakota 57104, defendant

**M. POWELL, J.**

{¶ 1} Defendant-appellant, Roger Fangman, appeals a decision of the Clermont County Court of Common Pleas granting plaintiff-appellee, CitiMortgage, Inc., a default judgment in a foreclosure action.

{¶ 2} On January 30, 2012, CitiMortgage filed a foreclosure complaint against Fangman and his wife.[1] Fangman did not file an answer to the complaint. CitiMortgage moved for summary judgment on September 21, and for default judgment on October 5. On November 1, counsel for Fangman entered an appearance in the case and moved for leave to file an answer to CitiMortgage's motion for summary judgment out of time. Fangman's motion for leave was granted by the trial court. On November 21, Fangman filed an answer to CitiMortgage's motion for summary judgment. The record indicates a summary judgment hearing was held on December 17.

{¶ 3} On January 21, 2013, Fangman filed a motion for mediation which was denied by the trial court. On February 8, CitiMortgage once again moved for default judgment. Fangman was served with a copy of the motion by CitiMortgage via ordinary mail. On February 19, 2013, the trial court granted CitiMortgage's motion for default judgment, entered a judgment in favor of CitiMortgage in the amount of $139,701.94, and ordered the sale of the property.

---

1. Fangman's wife is not a party to this appeal.

{¶ 4} Fangman now appeals, raising one assignment of error:[2]

{¶ 5} THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT ENTERED DEFAULT JUDGMENT AGAINST MR. FANGMAN, HOLDING HE WAS IN DEFAULT OF MOTION OR ANSWER.

{¶ 6} Fangman argues the trial court abused its discretion in entering a default judgment in favor of CitiMortgage. Specifically, Fangman argues the trial court entered the default judgment in violation of the hearing and notification procedures of Civ.R. 55(A). Fangman also argues the trial court improperly entered the default judgment because by filing an answer to CitiMortgage's motion for summary judgment, Fangman clearly defended the foreclosure action under Civ.R. 55(A), and was thus entitled to a judgment on the merits.

{¶ 7} An appellate court reviews a trial court's decision to grant or deny a motion for default judgment under an abuse of discretion standard. *First Horizon Home Loans v. Sims*, 12th Dist. Warren No. CA2009-08-117, 2010-Ohio-847, ¶ 11. An abuse of discretion is more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶ 8} Civ.R. 55(A) provides in pertinent part:

> When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules, the party entitled to a judgment by default shall apply in writing or orally to the court therefor * * *. If the party against whom judgment by default is sought has appeared in the action, he (or, if appearing by representative, his representative) shall be served with written notice of the application for judgment at least seven days prior to the hearing on such application.

{¶ 9} "Civ.R. 55(A) clearly requires that before it enters a default judgment against a defendant who has appeared, a trial court must hold a hearing and provide the defendant

---

2. This is a direct appeal of the trial court's default judgment. Fangman did not file a Civ.R. 60(B) motion or otherwise seek relief from that judgment in the trial court.

with seven days' notice of the hearing on the motion for default judgment." *Producers Credit Corp. v. Voge*, 12th Dist. Preble No. CA2002-06-009, 2003-Ohio-1067, ¶ 17; *see also Nieman v. Bunnell Hill Development Co., Inc.*, 12th Dist. Butler No. CA2002-10-249, 2004-Ohio-89. "An appearance is ordinarily made when a party comes into court by some overt act of that party that submits a presentation to the court." *Alliance Group, Inc. v. Rosenfield*, 115 Ohio App.3d 380, 390 (1st Dist.1996). "If a party or his representative has appeared as a matter of record in any manner, the notice and hearing required by Civ.R. 55(A) must be given that party before default judgment can be properly granted." *Hartmann v. Ohio Crime Victims Reparations Fund*, 138 Ohio App.3d 235, 238 (10th Dist.2000).

{¶ 10} There is no question that Fangman appeared in the action for purposes of triggering the seven-day notice requirement of Civ.R. 55(A), since his counsel entered an appearance in the case and, with leave from the trial court, filed an answer to CitiMortgage's motion for summary judgment. CitiMortgage concedes Fangman appeared in the case for purposes of Civ.R. 55(A). However, the record reveals the trial court did not comply with the hearing and notification procedures of Civ.R. 55(A) before entering a default judgment in favor of CitiMortgage.

{¶ 11} The certificate of service on CitiMortgage's motion for default judgment stated only it had served a copy of the motion upon Fangman. It contained no mention of a hearing. *See Plant Equip., Inc. v. Nationwide Control Serv., Inc.*, 155 Ohio App.3d 46, 2003-Ohio-5395 (1st Dist.). More importantly, the trial court never provided Fangman with any notice of the default judgment hearing, and in fact, never actually held such hearing before entering a default judgment in favor of CitiMortgage. The trial court, therefore, entered a default judgment against Fangman and in favor of CitiMortgage in violation of Civ.R. 55(A). *See Voge*, 2003-Ohio-1067 at ¶ 17.

{¶ 12} "[A] defendant who has appeared in the action is entitled to service of an

application for default judgment prior to its entry, and where service is required, a default judgment without service must be vacated or reversed on appeal." *AMCA Internatl. Corp. v. Carlton*, 10 Ohio St.3d 88, 91 (1984). Because the trial court's February 19, 2013 entry of default judgment was in violation of Civ.R. 55(A), we hereby reverse it and remand the matter for the trial court to hold a hearing and otherwise comply with Civ.R. 55(A) before deciding whether to enter default judgment in this case. *Id.* at 92; *Voge* at ¶ 17.

{¶ 13} We emphasize that nothing in this opinion should be read as relieving Fangman of his obligation to show why default judgment should not be entered against him. We are remanding this matter merely because a default judgment cannot be entered against a party who has appeared in an action without holding a hearing on the application for default judgment, and without giving that party seven days' notice of the hearing, as required by Civ.R. 55(A). *Nieman*, 2004-Ohio-89 at ¶ 26; *AMCA* at 92, fn. 3.

{¶ 14} In light of our holding, we decline to address Fangman's claim he defended the foreclosure action under Civ.R. 55(A), and was thus entitled to a judgment on the merits. The issue of whether Fangman "has otherwise defend[ed]" under Civ.R. 55(A) will be more appropriately determined by the trial court on remand at the default judgment hearing. Fangman's assignment of error is sustained to the extent indicated.

{¶ 15} Judgment reversed and cause remanded for further proceedings consistent with this opinion and in accordance with law.

S. POWELL, P.J., and PIPER, J., concur.