[Cite as *Dietrich v. Dobos*, 2014-Ohio-4023.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

J. Richard Dietrich,                           :

     Plaintiff-Appellee,                    :

                                  No. 13AP-1053
v.                                             :        (C.P.C. No. 12CV-011863)

David A. Dobos et al.,                         :        (REGULAR CALENDAR)

     Defendants-Appellants.                 :


_____


D E C I S I O N

Rendered on September 16, 2014

_____


*Organ Cole + Stock LLP*, *Shawn J. Organ* and *Erik J. Clark*,
for appellee.

*Clifford O. Arnebeck, Jr.*, for appellant.

_____

APPEAL from the Franklin County Court of Common Pleas

KLATT, J.

{¶ 1}   Defendant-appellant, David A. Dobos, appeals a judgment of the Franklin County Court of Common Pleas that granted plaintiff-appellee, J. Richard Dietrich, default judgment.  For the following reasons, we reverse and remand.

{¶ 2}   On September 19, 2012, Dietrich filed suit against Dobos, Lora G. Dobos, and Sheridan Worldwise, Inc.  The suit arose from defendants' failure to repay a loan that Dietrich made to Sheridan Worldwise.  The Franklin County Clerk of Courts served all three defendants with the complaint and summons by certified mail.  The delivery receipt for Dobos' complaint and summons shows that Dobos received the complaint and

summons on September 29, 2012.[1]  Dobos, therefore, had to answer or otherwise respond to the complaint by October 29, 2012.

{¶ 3}  Of the three defendants, only Lora Dobos answered the complaint.[2]  When Sheridan Worldwise failed to timely answer, Dietrich moved for default judgment against it.  Sheridan Worldwise did not respond to the motion.  In a judgment dated February 26, 2013, the trial court granted Dietrich default judgment against Sheridan Worldwise and awarded Dietrich damages in the amount of $150,000, plus post-judgment interest and costs.

{¶ 4}  Dietrich did not also move for default judgment against Dobos, despite his failure to answer, because Dobos had declared bankruptcy.  On October 30, 2012, Dobos had filed with the trial court a document entitled "Suggestion of Bankruptcy."  That document stated:

> 1.  [Dobos and his attorney] have filed a petition for relief under Title 11, United States Code, in the United States Bankruptcy Court for the Southern District of Ohio, which bears the case number 12-59331.
>
> 2.  Relief was ordered on **October 29, 2012**.
>
> 3.  This action is founded on a claim from which a discharge would be a release or that seeks to impose a charge on the property of the estate.
>
> 4.  This is for informational purposes only, and does not constitute a notice of appearance by the undersigned [attorney].
> WHEREFORE, the defendant suggests that this action has been stayed by the operation of 11 U.S.C. § 362.

(Emphasis sic.)  (R. 29.)

{¶ 5}  Over one year later, on November 7, 2013, Dietrich notified the trial court that the bankruptcy stay had terminated.  Dietrich attached to his notice a bankruptcy

---

[1]  Dobos maintains that he received the complaint and summons on October 3, 2012.  Dobos is mistaken.  The complaint and summons addressed to Sheridan Worldwise, assigned certified item number 7190 0903 0010 0729 4004, was delivered on October 3, 2012.  (R. 15, 16, 24.)  The complaint and summons addressed to Dobos, assigned certified item number 7190 0903 0010 0729 4028, was delivered on September 29, 2012.  (R. 18, 23.)

[2]  In a filing dated February 20, 2013, Dietrich voluntarily dismissed all claims against Lora Dobos.

court order dated November 6, 2013, in which the bankruptcy court ruled that Dobos' alleged debt to Dietrich was not dischargeable in bankruptcy and had not been discharged.

{¶ 6} Five days after notifying the trial court of the termination of the stay, Dietrich moved for default judgment against Dobos. In his motion, Dietrich represented to the court that neither Dobos nor his attorney had appeared in the action. According to the certificate of service attached to the motion, Dietrich served Dobos with a copy of the motion by ordinary mail on November 12, 2013.

{¶ 7} The trial court issued a judgment granting Dietrich's motion on November 19, 2013. The judgment awarded Dietrich $150,000 in damages, plus post-judgment interest and costs. Prior to entering default judgment, the trial court did not set or hold an oral or non-oral hearing.

{¶ 8} Dobos now appeals the November 19, 2013 judgment, and he assigns the following error:

> THE TRIAL COURT BELOW ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT DAVID A. DOBOS BY ENTERING A DEFAULT JUDGMENT AGAINST HIM, ON THE MOTION OF PLAINTIFF-APPELLEE J. RICHARD DIETRICH, WITHOUT AFFORDING DOBOS THE NOTICE AND HEARING REQUIRED BY CIV. R. 55(A).

{¶ 9} A default judgment is a judgment entered against a defendant who has failed to timely plead or otherwise defend in response to an affirmative pleading. *Ohio Valley Radiology Assoc., Inc. v. Ohio Valley Hosp. Assn.*, 28 Ohio St.3d 118, 121 (1986). If the defendant has failed to appear in an action, a trial court may enter default judgment without notice. *Id.* at 120. Conversely, if the defendant has appeared, "the trial court must, by virtue of Civ.R. 55(A), afford [the defendant] seven days' notice of the hearing on the motion for default judgment before entering judgment." *Id.* Compliance with the seven-day notice requirement is mandatory. *Meglan, Meglan & Co., Ltd. v. Bostic*, 10th Dist. No. 05AP-831, 2006-Ohio-2270, ¶ 13.

{¶ 10} Initially, we must address whether Dobos appeared in this action. If Dobos did not appear, then no notice was necessary.

{¶ 11} Courts, including this one, liberally construe the term "appeared" for the purpose of applying Civ.R. 55(A)'s notice requirement. *GMAC Mtge., LLC v. Lee*, 10th

Dist. No. 11AP-796, 2012-Ohio-1157, ¶ 11; *Am. Communications of Ohio, Inc. v. Hussein*, 10th Dist. No. 11AP-352, 2011-Ohio-6766, ¶ 10; *Bostic* at ¶ 14. Ordinarily, an appearance occurs " 'when a party comes into court by some overt act of that party that submits a presentation to the court.' " *State v. Heft*, 10th Dist. No. 03AP-211, 2003-Ohio-4893, ¶ 8, quoting *Alliance Group, Inc. v. Rosenfeld*, 115 Ohio App.3d 380, 390 (1st Dist.1996); *accord Hussein* at ¶ 10; *Bright v. Family Medicine Found., Inc.*, 10th Dist. No. 05AP-835, 2006-Ohio-5037, ¶ 38. Absent a formal filing, a defendant may "appear" through informal contacts with the plaintiff or the court that clearly express an intention to defend the lawsuit. *Hussein* at ¶ 11; *Bostic* at ¶ 14; *Bright* at ¶ 39.

{¶ 12} Here, Dobos filed a "Suggestion of Bankruptcy" with the trial court. Although that document disclaims that it constitutes an appearance by Dobos' attorney, it counts as an appearance by Dobos himself. By filing that document with the trial court, Dobos performed an overt act that submitted a presentation to the court.

{¶ 13} Because Dobos appeared in this action, he was entitled to notice under Civ.R. 55(A). Dietrich argues that Dobos received that notice when Dietrich served him with the default judgment motion. Dietrich claims that this notice satisfied Civ.R. 55(A) because it was served seven days before the trial court decided the motion.

{¶ 14} Dietrich's argument fails because it ignores Civ.R. 55(A)'s mandate that the notice must be served "at least seven days prior *to the hearing*" on the default judgment motion. (Emphasis added.) Civ.R. 55(A). "[W]here the party against whom a motion for default is directed has appeared in the action, the motion for default may not be heard *ex parte* but, instead, can be determined only after a hearing of which seven days' advance notice is given." (Emphasis sic.) *Breeding v. Herberger*, 81 Ohio App.3d 419, 422 (10th Dist.1992); *accord Pickett v. Katz & Co. Salon*, 9th Dist. No. 25851, 2011-Ohio-4396, ¶ 4 (quoting and following *Breeding*). Consequently, compliance with Civ.R. 55(A) hinges upon an appearing defendant receiving both a hearing and prior notice of that hearing. *CitiMtge., Inc. v. Fangman*, 12th Dist. No. CA 2013-03-020, 2013-Ohio-3316, ¶ 9 (" 'Civ.R. 55(A) clearly requires that before it enters a default judgment against a defendant who has appeared, a trial court must hold a hearing and provide the defendant with seven days' notice of the hearing on the motion for default judgment.' "); *Plant Equip., Inc. v. Nationwide Control Serv., Inc.*, 155 Ohio App.3d 46, 2003-Ohio-5395, ¶ 10

(1st Dist.) ("The plain language of Civ.R. 55(A) requires a hearing and that an appearing defendant be given notice of the date of the hearing that will impose liability on that defendant."); *State Farm Ins. Co. v. Valentino*, 7th Dist. No. 02-CA-119, 2003-Ohio-3487, ¶ 26 (holding that the trial court could not enter default judgment because it never held a hearing on the default judgment motion or gave the appearing defendant seven days' notice of the hearing); *In re Forfeiture of $1952.00 U.S. Currency*, 10th Dist. No. 93AP-957 (Nov. 16, 1993) (holding that service of the default judgment motion on the defendant, who had appeared, was inadequate notice under Civ.R. 55(A) because the motion did not include the date of the default judgment hearing).

{¶ 15} Previously, the Local Rules of the Franklin County Court of Common Pleas automatically set a non-oral hearing date for the 28th day after the filing of a default judgment motion, if no party requested an oral hearing. Loc.R. 21.01; *Bank of New York Mellon v. Watkins*, 10th Dist. No. 11AP-539, 2012-Ohio-4410, ¶ 13. A defendant could calculate the non-oral hearing date by counting 28 days from the date on which the plaintiff filed the default judgment motion. Thus, service of the default judgment motion on the defendant, in combination with Loc.R. 21.01, provided the necessary notice of both the default judgment motion and the non-oral hearing date. *Scarefactory, Inc. v. D & B Imports, Ltd.*, 10th Dist. No. 01AP-607 (Jan. 3, 2002).

{¶ 16} However, in 2012, the Franklin County Court of Common Pleas rewrote its local rule governing default judgments. Loc.R. 55.03 now states that the "non-oral hearing procedure in Loc.R. 21.01 do[es] not apply to default judgment motions." Consequently, plaintiffs can no longer rely on Loc.R. 21.01 to set an automatic non-oral hearing and provide the defendant with notice of that hearing. Rather, when the defendant has appeared in the action, the plaintiff must ensure that the trial court schedules a default judgment hearing.[3] Additionally, at least seven days prior to the hearing, the defendant must be served with or otherwise notified of the default judgment motion *and* be informed of the date of the hearing.

{¶ 17} Here, the trial court failed to set or hold a hearing on Dietrich's default judgment motion. Given Dietrich's representation that Dobos had not appeared, the trial

---

[3] We note that nothing in Civ.R. 55(A) specifies the type of hearing that the trial court must schedule. The hearing, therefore, may be either oral or non-oral.

court may have believed that a hearing was unnecessary. However, as we have determined that Dobos appeared in this action, we conclude that the trial court erred by entering default judgment against Dobos without setting a hearing and providing Dobos with notice of the hearing.

{¶ 18} For the foregoing reasons, we sustain Dobos' assignment of error, and we remand this matter to the Franklin County Court of Common Pleas for further proceedings consistent with law and this decision.

*Judgment reversed; cause remanded.*

DORRIAN and LUPER SCHUSTER, JJ., concur.

_____