[Cite as *Kaferle, Exr. v. MKT Holdings, L.L.C.*, 2018-Ohio-4208.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### Nos. 105990 and 106620

---

## SANDRA J. KAFERLE, EXECUTOR

### PLAINTIFF-APPELLEE

vs.

## MKT HOLDINGS, L.L.C.

### DEFENDANT-APPELLANT

---

### JUDGMENT:
### REVERSED AND REMANDED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-16-872098

**BEFORE:** E.T. Gallagher, J., McCormack, P.J., and Stewart, J.

**RELEASED AND JOURNALIZED:** October 18, 2018

**ATTORNEY FOR APPELLANT**

Edward F. Herman
30628 Detroit Road, Suite 231
Westlake, Ohio 44145


**ATTORNEYS FOR APPELLEE**

Daniel J. Klonowski
50 Public Square, Suite 920
Cleveland, Ohio 44113

James L. Deese
The Western Reserve Building
1468 West 9th Street, Suite 405
Cleveland, Ohio 44113

EILEEN T. GALLAGHER, J.:

{¶1} In this consolidated appeal, defendant-appellant, MKT Holdings, L.L.C., appeals an order granting default judgment to plaintiff-appellee, Sandra Kaferle, the executor of the estate of Conrad Kaferle. MKT also appeals the denial of a motion for relief from default judgment. MKT raises the following four assignments of error:

1. The trial court erred in granting default judgment without holding a hearing when defendant undertook actions constituting an appearance for purposes of Civ.R. 55(A).

2. The trial court erred in not holding a damages hearing when the amount of the damages could not be calculated from the face of the complaint or any attachments to it.

3. The trial court erred in relying upon unfiled and uncirculated affidavits in lieu of holding a damages hearing where the defaulted party could challenge the evidence and witnesses of the awarded party, and submit its own evidence and testimony.

4. The trial court erred in not granting a motion for relief from default judgment that was granted without holding a hearing when the defendant undertook actions constituting an appearance for purposes of Civ.R. 55(A).

{¶2} We find merit to the appeal and reverse the trial court's judgment.

### I. Facts and Procedural History

{¶3} Sandra Kaferle filed a complaint for wrongful death against MKT, alleging that her father, Conrad Kaferle, tripped and fell, and sustained fatal injuries on property owned by MKT. Conrad was 88 years old and died at a hospital shortly after the incident.

{¶4} Kaferle's complaint, which included interrogatories and requests for production of documents, was served on MKT on November 21, 2016. Although MKT did not file a timely answer, an individual named Kathy Cox filed a 36-page document in response to the complaint and accompanying discovery. One of the documents identifies Cox as the "sole owner and manager" of MKT. Another document indicates there were no eyewitnesses to the incident, and

asserts that Conrad likely fell on ice and snow in the parking lot of his apartment building, which was owned by MKT. The documents also suggest that, pursuant to an agreement between MKT and its tenants, the tenants were responsible for the removal of ice and snow on the property. Cox stated in a response to an interrogatory that she had previously observed Kaferle "maintaining the entrance to the apartment."

{¶5} Although Cox was not an attorney, the court never struck her responses to Kaferle's complaint and discovery requests. Nevertheless, the court scheduled a default hearing for March 6, 2017, and then again for May 1, 2017. According to a statement of proceedings filed by the parties pursuant to App.R. 9(C), Kaferle's counsel orally moved to reschedule the March and May hearings because he did not want to obtain a default judgment before MKT notified its liability carrier of the incident. Accordingly, the trial court rescheduled the default hearing for June 12, 2017, at 10:00 a.m.

{¶6} Cox once again appeared in court for the rescheduled default hearing. According to the statement of proceedings, the court's staff attorney addressed the parties, and Kaferle's counsel delivered three affidavits to the staff attorney in support of the motion for default. In the first affidavit, Kaferle's lawyer averred that he served MKT with notice of the default hearing by regular and certified mail. In the second affidavit, Kaferle described her relationship with the decedent, her father; averred that she incurred a funeral bill for her father's funeral in the amount of $8,413.78; and stated that, as a result of MKT's negligence, she and her son, Geoffery D. Kaferle, suffered damages in the amount of $500,000. Conrad Kaferle's death certificate and the funeral bill were attached to her affidavit. In the third affidavit, Geoffrey D. Kaferle testified that he is the grandson of the decedent and that he suffered loss of society and severe mental anguish due to his grandfather's death.

**{¶7}** Kaferle's counsel spoke with the court's staff attorney after delivering the affidavits and then left the courtroom. Thereafter, the staff attorney spoke with Cox ex parte. The court entered default judgment against MKT in the amount of $458,413.78, plus interest and costs, the following day. MKT filed a timely motion for relief from judgment in October 2017, which the trial court denied. MKT now appeals the default judgment and the denial of its motion for relief from judgment.

## II. Law and Analysis

**{¶8}** We review a trial court's order granting a default judgment for an abuse of discretion. *Fitworks v. Sciranko*, 8th Dist. Cuyahoga No. 90593, 2008-Ohio-4861, ¶ 4, citing *Discover Bank v. Hicks*, 4th Dist. Washington No. 06CA55, 2007-Ohio-4448. An abuse of discretion implies a decision that is unreasonable, arbitrary, or unconscionable. *State ex rel. DiFranco v. S. Euclid*, 144 Ohio St.3d 571, 2015-Ohio-4915, 45 N.E.3d 987, ¶ 13. An abuse of discretion may also be found when the trial court "applies the wrong legal standard, misapplies the correct legal standard, or relies on clearly erroneous findings of fact." *Thomas v. Cleveland*, 176 Ohio App.3d 401, 2008-Ohio-1720, 892 N.E.2d 454, ¶ 15 (8th Dist.).

**{¶9}** In the first assignment of error, MKT argues the trial court erred in granting a default judgment in favor of Kaferle without holding a hearing when MKT made an appearance for purposes of Civ.R. 55(A). MKT asserts that Cox's responses to the complaint and written discovery coupled with her appearances at all the scheduled default hearings precluded the court from granting a default judgment without a hearing.

**{¶10}** In the second and third assignments of error, MKT argues the trial court erred in granting a default judgment without a hearing when the amount of damages were not readily

ascertainable from the evidence in the record. We discuss these assigned errors together because they are interrelated.

{¶11} Civ.R. 55 governs default judgments. As relevant here, Civ.R. 55(A) states:

When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules, the party entitled to a judgment by default shall apply in writing or orally to the court therefore; but no judgment by default shall be entered against a minor or an incompetent person unless represented in the action by a guardian or other such representative who has appeared therein. If the party against whom judgment by default is sought has appeared in the action, he (or, if appearing by representative, his representative) shall be served with written notice of the application for judgment at least seven days prior to the hearing on such application. If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and shall when applicable accord a right of trial by jury to the parties.

{¶12} "Default judgment may be awarded when a defendant fails to make an appearance by filing an answer or otherwise defending an action." *Davis v. Immediate Med. Servs., Inc.*, 80 Ohio St.3d 10, 14, 684 N.E.2d 292 (1997). However, "'[w]here the party against whom a motion for default is directed has appeared in the action, the motion for default may not be heard *ex parte* but, instead, can be determined only after a hearing of which seven days' advance notice is given.'" *Dietrich v. Dobos*, 8th Dist. Cuyahoga No. 13AP-1053, 2014-Ohio-4023, ¶ 9 (Emphasis sic.), quoting *Breeding v. Herberger*, 81 Ohio App.3d 419, 422, 611 N.E.2d 374 (10th Dist.1992); *accord Pickett v. Katz & Co. Spalon*, 9th Dist. Summit No. 25851, 2011-Ohio-4396, ¶ 4.

{¶13} A party "appears" for purposes of Civ.R. 55(A) when that party clearly expresses to the opposing party an intention and purpose to defend the suit, regardless of whether a formal filing is made. *Jones v. Contemporary Image Labeling, Inc.*, 12th Dist. Warren No. CA2009-02-017, 2009-Ohio-6178, ¶ 9, citing *Miamisburg Motel v. Huntington Natl. Bank*, 88 Ohio App.3d

117, 125-127, 623 N.E.2d 163 (2d Dist.1993). Thus, a party may "appear" through informal acts or contacts with the plaintiff or the court "that clearly express an intention to defend the lawsuit." *Dietrich* at ¶ 11.

{¶14} MKT was served with both the complaint and notice of the June 12, 2017 default hearing. Cox, the sole owner and manager of MKT, filed a document titled "Answers to Interrogatories" in response to the complaint and Kaferle's discovery requests. And it is undisputed that Cox appeared at each of the three dates the court scheduled for the default hearing, including June 12, 2017, when the court considered Kaferle's evidence. The trial court's order granting default judgment fails to mention any of these facts.

{¶15} Kaferle argues that none of Cox's actions constitute an appearance for purposes of Civ.R. 55(A) because she is not a licensed attorney and therefore was not authorized to enter an appearance on behalf of her limited liability company. Indeed, a limited liability company exists under R.C. 1705.01(D)(2)(e) as a separate legal entity and may only be represented in court by a licensed attorney. *Disciplinary Counsel v. Kafele*, 108 Ohio St.3d 283, 2006-Ohio-904, 843 N.E.2d 169, ¶ 18, citing *Union Savs. Assn. v. Home Owners Aid, Inc.*, 23 Ohio St.2d 60, 64, 262 N.E.2d 558 (1970).

{¶16} However, MKT demonstrated an intention and purpose to defend the suit when Cox responded to the complaint and discovery and appeared at every scheduled court date. Despite Cox's repeated appearances, the record is silent as to whether the trial court informed Cox that she needed to retain counsel to defend MKT. Normally, when the record is silent, we presume regularity. *In re S.G.*, 8th Dist. Cuyahoga No. 88523, 2007-Ohio-3271, ¶ 16. However, the record in this case contains too many omissions to justify the presumption of regularity.

**{¶17}** As previously stated, Cox appeared at three separate default hearings, and the court never mentioned her presence in any of its journal entries. We only know that Cox made those appearances because the parties submitted a statement of the proceeding pursuant to App.R. 9(C) in which the trial court acknowledged her appearances retroactively. And since the court never issued an order striking Cox's responses to discovery, Cox likely had the impression that her "appearances" were sufficient to avoid a default judgment.

**{¶18}** Moreover, we find awarding default judgment in the amount of $458,413.78 without a hearing was an abuse of discretion. Although trial courts have broad discretion under Civ.R. 55 to award damages by default based on affidavits in lieu of live testimony, default judgments are generally granted on unpaid accounts and breaches of contract where an amount of liquidated damages is easily ascertainable from the controlling documents. *K. Ronald Bailey & Assoc. Co., L.P.A. v. Soltesz*, 6th Dist. Erie No. E-05-077, 2006-Ohio-2489, ¶ 16 ("Where a damages claim is 'liquidated' or based on a readily ascertainable amount, such as an account, no additional proof is necessary."). However, where the plaintiff presents a claim for unliquidated damages based on negligence, additional proof of damages is required. *Buckeye Supply Co. v. Northeast Drilling Co.*, 24 Ohio App.3d 134, 136, 493 N.E.2d 964 (9th Dist.1985).

**{¶19}** In *Whittle v. Davis*, 12th Dist. Butler No. CA2012-08-169, 2013-Ohio-1950, the Twelfth District held that the trial court in that case abused its discretion in awarding damages by default without a hearing when the damages awarded were substantial, and the written contract on which the damages were based was not filed with the court. The *Whittle* court was also troubled by the fact that the damage award included non-liquidated damages for frustration and stress that could not be readily ascertained. Although the plaintiff in *Whittle* submitted an affidavit in support of the damages, the court noted that the affidavit failed to provide sufficient

details to support the claim. *Id*. at ¶ 18. Therefore, the Twelfth District held that the trial court abused its discretion in awarding damages by default judgment without holding a hearing.

**{¶20}** The affidavits submitted in support of damages in this case are also deficient in detail. Although the affidavits describe a few aspects of Conrad's last few hours of life, they provide only broad, conclusory statements regarding his pain and suffering and the plaintiffs' loss of companionship and mental anguish. Such evidence is not sufficient to support an award of almost half a million dollars.

**{¶21}** Therefore, the first, second, and third assignments of error are sustained.

**{¶22}** Having determined that the trial court erred in granting default judgment against MKT, the fourth assignment of error, which relates to the denial of MKT's motion for relief from judgment, is moot.

**{¶23}** Judgment reversed and remanded.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


EILEEN T. GALLAGHER, JUDGE

MELODY J. STEWART, J., CONCURS;
TIM McCORMACK, P.J., DISSENTS (SEE SEPARATE OPINION)


TIM McCORMACK, J., DISSENTING:

**{¶24}** I respectfully dissent from the majority opinion.

{¶25} In finding that the trial court erred in entering default judgment against MKT Holdings, L.L.C., the majority determined that "MKT demonstrated an intention and purpose to defend the suit when Cox responded to the complaint and discovery and appeared at every scheduled court date." As the majority correctly stated, a party "appears" for purposes of Civ.R. 55(A) when that party expresses an intention and purpose to defend a lawsuit. Cox, however, is not a party to the lawsuit, nor is she a licensed attorney authorized to appear on behalf of MKT. Cox, therefore, cannot appear on MKT's behalf.

{¶26} It is well settled that, pursuant to R.C. 1705.01(D)(2)(e), a limited liability company exists as a separate legal entity and may be represented in court only by a licensed attorney. *Disciplinary Counsel v. Kafele*, 108 Ohio St.3d 283, 2006-Ohio-904, 843 N.E.2d 169, ¶ 18, citing *Union Savs. Assn. v. Home Owners Aid, Inc.*, 23 Ohio St.2d 64, 262 N.E.2d 558 (holding that a corporation cannot maintain litigation in propria persona, or appear in court through an officer of the corporation or an appointed agent not admitted to the practice of law) and *Cleveland Bar Assn. v. Pearlman*, 106 Ohio St.3d 136, 2005-Ohio-4107, 832 N.E.2d 1193, syllabus (stating that a layperson may not engage in cross-examination, argument, or other acts of advocacy on behalf of a limited liability company); *see also Disciplinary Counsel v. Coleman*, 88 Ohio St.3d 155, 2000-Ohio-288, 724 N.E.2d 402 (concluding that only a licensed attorney may file pleadings and other legal papers in court or manage court actions on another's behalf). This law exists because "[t]he practice of law is exacting even with the required legal and ethical training, and the legal system cannot adequately safeguard the public's interest unless it assures a core level of professional competence and integrity." *Kafele* at ¶ 19.

{¶27} A nonattorney representative who appears in a legal proceeding on behalf of his or her company has engaged in the unauthorized practice of law. *Cincinnati Bar Assn. v. Clapp &*

*Affiliates Fin. Servs.*, 94 Ohio St.3d 509, 2002-Ohio-1485, 764 N.E.2d 1003, citing *Worthington City School Dist. Bd. of Edn. v. Franklin Cty. Bd. of Revision*, 85 Ohio St.3d 156, 160-161, 707 N.E.2d 499, 502-503 (1999). "To allow a corporation to maintain litigation and appear in court represented by corporate officers or agents only would lay open the gates to the practice of law for entry to those corporate officers or agents who have not been qualified to practice law and who are not amenable to the general discipline of the court." *Union Savs. Assn.* at 64. Accordingly, any pleading undertaken on behalf of a corporation in a legal proceeding by a nonattorney is a nullity. *Id.*; *Geiger v. King*, 10th Dist. Franklin No. 03AP-1228, 2004-Ohio-2137, ¶ 9. It is irrelevant that the nonattorney representing the company is the company's chief executive officer or an individual who holds some official corporate position. *Cannabis for Cures, L.L.C. v. State Bd. of Pharmacy*, 2d Dist. Clark No. 2018-CA-12, 2018-Ohio-3193, ¶ 9, citing *Disciplinary Counsel v. Givens*, 106 Ohio St.3d 144, 2005-Ohio-4104, 832 N.E.2d 1200, ¶ 7.

{¶28} Likewise, a limited liability company, as a separate legal entity, cannot appear in court through an appointed agent not admitted to the practice of law. *State ex rel. Spies v. Lent*, 5th Dist. Tuscarawas No. 2008 AP 05 0033, 2009-Ohio-3844, ¶ 94, citing *Bd. of Edn. v. Franklin Cty. Bd. of Revision*, 10th Dist. Franklin Nos. 01AP-878, 01AP-879, 2002-Ohio-1256, 10. And a pleading undertaken on behalf of a limited liability company by a nonattorney is a nullity. *See IG Concrete of Columbus v. Deer Creek Excavating*, C.P. No. 13CV-03468, 2014 Ohio Misc. LEXIS 11038 (June 19, 2014).

{¶29} The defendant in this action is MKT Holdings, L.L.C., not Cox. Therefore, the defense of this action belongs to the limited liability company, not Cox. Although Cox, a nonattorney, is the owner of the limited liability company, MKT, as a separate legal entity,

cannot appear in court through an agent who is not a licensed attorney. The majority suggests that Cox was not aware that she could not represent MKT's interest in the lawsuit. However, there is nothing in this record to cause us to conclude that Cox, as owner and sole manager of a limited liability company, lacked the knowledge or awareness that she could not personally represent MKT in a judicial proceeding. Cox chose to conduct her business as a limited liability company, not as a sole proprietor or as a partnership. She is therefore charged with the knowledge of the risks and benefits associated with doing business as a limited liability company, including forfeiting the opportunity to act in a judicial proceeding on behalf of her limited liability company. *See Pearlman*, 106 Ohio St.3d 136, 2005-Ohio-4107, 832 N.E.2d 1193 (O'Donnell, J., dissenting).

{¶30} In light of the above, I would find that the "Answers to Interrogatories" filed by Cox on behalf of MKT Holdings, L.L.C., is a nullity, and Cox's appearance at court on behalf of MKT at any of the three scheduled hearing dates cannot be considered an appearance for purposes of Civ.R. 55(A). Therefore, I would affirm the trial court's grant of default judgment in favor of the plaintiff-appellee.