[Cite as *Schafer v. Levey*, 2024-Ohio-5658.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| MILLIE SCHAFER, | : | APPEAL NO. C-230686 |
| | | TRIAL NO. A-1900882 |
| Plaintiff/Counterclaim Defendant-Appellant, | : | |
| | : | |
| vs. | | |
| | : | *O P I N I O N* |
| SANDRA L. LEVEY, | | |
| | : | |
| Defendant/Counterclaim Plaintiff-Appellee. | : | |

Civil Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Reversed and Cause Remanded

Date of Judgment Entry on Appeal: December 4, 2024

*Finney Law Firm, LLC, Stephen E. Imm* and *Matthew S. Okiishi,* for Plaintiff/ Counterclaim Defendant-Appellant,

*Whittaker Law, LLC,* and *Justin Whittaker,* for Defendant/Counterclaim Plaintiff-Appellee.

**KINSLEY, Judge.**

**{¶1}** Plaintiff/counterclaim defendant-appellant Millie Schafer appeals the decision of the Hamilton County Court of Common Pleas denying her Civ.R. 60(B) motion to set aside the trial court's entry granting a default judgment against her on defendant/counterclaim plaintiff-appellee Sandra Levey's amended counterclaim for abuse of process. For the reasons discussed in this opinion, we hold that the trial court abused its discretion in denying Schafer relief by refusing to acknowledge her filings as responsive pleadings to Levey's amended counterclaim and by granting a default judgment without providing notice of a hearing to Schafer. We therefore reverse the judgment of the trial court and remand the matter for further proceedings consistent with this opinion.

## *Factual and Procedural History*

**{¶2}** Schafer and Levey are former neighbors. Since 2019, they have been engaged in a contentious legal dispute over landscaping Levey performed in her yard. Schafer claimed the landscaping company, and by extension Levey, damaged her property in the process of performing the landscaping work, and she sued both Levey and the landscaper for damages. Levey then counterclaimed against Schafer for spoilation of evidence. This claim arose after Levey claimed that Schafer intentionally cut down trees Schafer contended were damaged by Levey's landscapers before Levey could inspect them.

**{¶3}** The issues in this appeal involve a number of filings that occurred during the months of May and June 2023. The parties had been set to go to trial in June of that year, but, at the eleventh hour, Levey added an additional abuse of process counterclaim against Schafer, who was representing herself at the time. Just before the trial started, the trial court granted a default judgment against Schafer on the

counterclaim and ultimately denied Schafer's efforts to undo that decision when she later obtained counsel. Both of those decisions—the decision to grant the default judgment against Schafer and the decision not to grant relief from judgment—form the basis of this appeal.

{¶4} On May 15, 2023, Levey filed a second amended counterclaim against Schafer, which added the abuse of process claim. The next day, Schafer, who was self-represented at the time, filed a document that she called a "Motion for Summary Judgment on Defendant Ms. Levey's Abuse of Process Counterclaim Against Plaintiff." The motion denied the abuse of process claim and noted the lack of evidence cited by Levey to support it. Schafer also raised an apparent statute of limitations defense, arguing that the claim was brought too late.

{¶5} Despite Schafer's pending summary judgment motion, on May 21, 2023, Levey sought an expedited default judgment against Schafer on the abuse of process counterclaim. Levey's default judgment motion was based solely on Civ.R. 37, and she contended that Schafer should be held in default for failing to comply with certain discovery requests that were pending at the time. Levey also responded to Schafer's summary judgment motion, arguing that the statute of limitations period had not expired on the abuse of process counterclaim.

{¶6} Two days later, on May 23, 2023, Schafer, still self-represented, filed a pleading entitled "Plaintiff Schafer Opposes Ms. Levey's May 15, 2023, Filing of Second Amended Counterclaim." In that filing, Schafer argued that Levey's second amended counterclaim failed to demonstrate that she acted with an "ulterior motive," an essential element of the tort of abuse of process. Schafer also again asserted that Levey's second amended counterclaim was filed out of time. Levey responded to

Schafer's May 23, 2023 pleading the next day, pointing out that it was not responsive to her pending motion for an expedited default judgment.

{¶7} On May 26, 2023, the trial court established a briefing schedule on Levey's Civ.R. 37 default judgment motion. On May 30, 2023, Schafer responded, denying that she was in default.

{¶8} Before the trial court could resolve the discovery-related question of whether Schafer should be sanctioned under Civ.R. 37 with the entry of a default judgment on the abuse of process counterclaim, Levey filed an additional default judgment motion under Civ.R. 55. In this motion, which was filed on May 31, 2023, Levey asserted that Schafer had failed to answer or otherwise respond to the abuse of process counterclaim and that entry of a default judgment was appropriate based on Schafer's lack of response.

{¶9} Schafer opposed Levey's Civ.R. 55 default judgment motion. In essence, she argued that the timing requirements of Civ.R. 55(A) precluded a default judgment. For one, she pointed to the rule's requirement that the party against whom a default judgment is sought receive written notice of the motion at least seven days before a hearing. For another, she pointed out that the motion was filed on May 31, 2023, which was fewer than seven days before the June 5, 2023 trial date.

{¶10} On Friday, June 2, 2023, three days after Levey's Civ.R. 55 motion for a default judgment was filed, the trial court granted the motion. It signed and emailed its decision to the parties that day, although the order was not journalized until June 5, 2023, which was the following Monday. No hearing took place before the trial court granted the default judgment against Schafer.

{¶11} In its order granting the default judgment, the trial court found that Schafer did not file an answer to Levey's abuse of process counterclaim. It therefore

4

implicitly held that Schafer's May 16th summary judgment motion and May 23rd pleading in opposition to the second amended complaint did not constitute responsive pleadings. The trial court also found that Schafer's status as a self-represented litigant did not amount to excusable neglect. But it denied Levey's request for a default judgment as a sanction under Civ.R. 37.

**{¶12}** Thereafter, Schafer and Levey's trial proceeded to a draw. In other words, at trial, neither party sustained its burden of proof against the other on any of the claims arising out of the landscaping dispute or subsequent litigation-related claims.

**{¶13}** The trial court subsequently awarded Levey attorney fees as damages on the abuse of process claim.[1] In doing so, it determined that Levey's counsel expended a total of 224.55 hours on the case, which the trial court held were reasonable and not unnecessary given the four-year period in which the matter was pending. The trial court also noted that Levey's counsel frequently provided substantial discounts, resulting in lower rates than usual. The trial court calculated the lodestar figure to be $41,139.10, but only granted $40,133.30–the amount requested in Levey's motion. The trial court then deducted $690 as a result of minor challenges that Schafer raised to some of the billing entries. In total, the trial court awarded Levey $38,443.30 in attorney fees.

**{¶14}** Following the trial, Schafer secured counsel, who submitted a Civ.R. 60 motion to set aside the default judgment on her behalf. In that motion, Schafer asserted that there were meritorious defenses to the abuse of process claim and that questions of fact and law remained about the viability of the claim. Schafer also argued

---

[1] Although unrelated to this appeal, Levey also filed a motion to sanction Schafer under Ohio's frivolous conduct statute. That motion was not disposed of at trial.

that she defended against the second amended complaint in her May 16th and May 23rd filings under Civ.R. 8 in a manner sufficient to defeat a default judgment.

{¶15} The trial court heard Schafer's Civ.R. 60(B) motion on October 20, 2023, and denied the motion on December 21, 2023. It noted that Schafer had "alleged a meritorious defense as required by Civ.R. 60(B) and that her motion was timely." But it faulted Schafer for not pursuing an evidentiary hearing at the Civ.R. 60(B) stage and for not presenting evidence to support her argument for excusable neglect. It ultimately rejected the argument that Schafer had answered or otherwise defended against Levey's abuse of process counterclaim.

{¶16} Schafer now appeals the trial court's order granting the default judgment under Civ.R. 55 and denying relief from judgment under Civ.R. 60(B).

### *Analysis*

{¶17} On appeal, Schafer raises two assignments of error. First, Schafer argues that the trial court erred by entering a default judgment against her and by denying her Civ.R. 60(B) motion. Second, Schafer argues that the trial court erred by awarding Levey attorney fees as damages on the abuse of process claim.

### *Civ.R. 55 Default Judgment*

{¶18} Schafer's first assignment of error takes issue with the trial court's entry of a default judgment against her. Schafer points to Civ.R. 55(A)'s requirement that a motion for a default judgment be resolved by way of a hearing scheduled with at least seven days' notice to the nonmoving party. She argues that the trial court complied with neither the hearing nor the timing requirements of the rule.

{¶19} Civ.R. 55 treats parties who have appeared in an action differently from those who are absent with regard to default judgment motions. Where a defendant has entirely failed to appear, a trial court may enter a default judgment without notice.

6

*Dietrich v. Dobos*, 2014-Ohio-4023, ¶ 9 (10th Dist.). But where a defendant has appeared in an action, Civ.R. 55(A) requires both a hearing and seven days' notice before a default judgment can be granted. *Id.* Both the hearing requirement and the seven-day notice requirement are mandatory. *Lillibridge v. Pica*, 2021-Ohio-1480, ¶ 29 (5th Dist.).

**{¶20}** The trial court granted the default judgment against Schafer without complying with either of these mandatory requirements. Levey's Civ.R. 55 motion was filed on May 31, 2023, and the motion was granted on June 2, 2023, a mere three days later. Thus, the timing of the trial court's order violated the seven-day notice requirement embodied in Civ.R. 55(A). So too did the trial court fail to abide by the mandatory hearing requirement. While the trial court ostensibly conducted a hearing of some kind on June 5, 2023, when the parties' trial commenced, that hearing took place after the trial court had already executed the June 2, 2023 order granting the default judgment. The June 5, 2023 court proceeding therefore could not satisfy the Civ.R. 55(A) hearing requirement, because it occurred after the trial court had already disposed of the motion.

**{¶21}** The failure to comply with the notice and hearing requirements of Civ.R. 55(A) renders a default judgment void. *Plant Equip., Inc. v. Nationwide Control Serv.*, 2003-Ohio-5395, ¶ 15-16 (1st Dist.). We therefore agree with Schafer that the trial court's order granting the default judgment to Levey is void because it failed to comply with the requirements of Civ.R. 55(A).

**{¶22}** But the trial court's error did not stop there. Schafer argues that the trial court abused its discretion in denying her Civ.R. 60(B) motion for relief from judgment. More specifically, Schafer argues that she acted excusably in failing to abide by the technical requirements of Civ.R. 8.

**{¶23}** To prevail on a Civ.R. 60(B) motion, the movant must generally demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B); and (3) the motion is made within the requisite time period. *GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146, 150-151 (1976). Where a default judgment is void, however, a party need not strictly comply with the requirements of Civ.R. 60(B) to attack the judgment. *Plant Equip.* at ¶ 16. Rather, it can be collaterally attacked at any time. *Id.*

**{¶24}** In her Civ.R. 60(B) motion, Schafer argued to the trial court that her May 16th and May 23rd pleadings constituted a defense to the second amended counterclaim. We agree with Schafer. While her two filings may have been clumsily drafted, they did, at bottom, deny the factual allegations against her, highlight perceived deficiencies in Levey's abuse of process claim, and raise a statute of limitations affirmative defense. These are the essential functions of a responsive pleading. *See* Civ.R. 8(B) (requiring defendant to state in short and plain terms the party's defenses and allowing a general denial to all averments in the complaint); Civ.R. 8(C) (requiring defendant to affirmatively state a statute of limitations defense). And "[u]nder the plain language of Civ.R. 55, a default judgment is appropriate only where a party has failed to plead or otherwise defend." *Jordan v. City of Cincinnati*, 2024-Ohio-1044, ¶ 11 (1st Dist.). The record does not support the trial court's finding that Schafer failed to defend against the abuse of process counterclaim. To the contrary, she filed two timely responsive pleadings.

**{¶25}** We accordingly sustain Schafer's first assignment of error, reverse the trial court's judgment, and remand the cause to the trial court. Our disposition of

Schafer's first assignment of error renders her second assignment of error moot, and we accordingly decline to address it.

### *Conclusion*

**{¶26}** The trial court improperly granted the default judgment against Schafer without holding the hearing required by Civ.R. 55(A) and without affording Schafer seven days' notice.  The trial court further erred in failing to construe two pleadings filed by Schafer as defenses to Levey's abuse of process counterclaim.  As a result, we reverse the judgments of the trial court granting the default judgment and denying Schafer's Civ.R. 60(B) motion and remand the cause to the trial court for further proceedings consistent with this opinion.

Judgment reversed and cause remanded.

**ZAYAS, P.J.,** and **BERGERON, J.,** concur.


Please note:

The court has recorded its entry on the date of the release of this opinion.